**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRANK MACK,**

    **Plaintiff,**

v.                                                              Case No.  8:08-cv-595-T-30EAJ

**METROPOLITAN LIFE INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint with Incorporated Memorandum of Law (Dkt. #11), Motion to Take Judicial Notice (Dkt. #12), and Plaintiff's Response in Opposition to Motion to Dismiss (Dkt. #15). The Court, having considered the motions, response, memoranda, exhibits, and being otherwise advised in the premises, concludes that Defendant's motions should be granted.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483

(11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. *Martin K. Eby Construction Co., Inc. v. Jacobs Civil, Inc.*, 2006 WL 1881359, *1 (M.D. Fla. 2006). This is because such documents are capable of accurate and ready determination. *Makro Capital of America, Inc. v. UBS AG*, 372 F.Supp.2d 623, 627 (S.D. Fla. 2005) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999). Thus, the Court may review documents filed in other judicial proceedings for the limited purpose of recognizing the "judicial act" taken, or the subject matter of the litigation and issues decided. *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995). Furthermore, the court may consider the record in previous cases to clarify the meaning of the court orders. *See Schafler v. Indian Spring Maintenance Ass'n.*, 139 Fed. Appx. 147, 149 (11th Cir. 2005) (court took judicial notice of orders issued in previous lawsuits finding requirements of *res judicata* met and dismissing complaint).

Accordingly, this Court takes judicial notice of the following cases and their records: (1) *Charles Frank Mack v. Metropolitan Life Insurance Company*, Case No. 8:05-cv-425-T-30MSS, United States District Court, Middle District of Florida, Tampa Division (the "Prior District Court Action"); and (2) *Charles Frank Mack v. Metropolitan Life Insurance Company*, Appeal Case No. 06-14406, United States Court of Appeals, Eleventh Circuit (the "Prior District Court Appeal").[1]

## Background

Plaintiff's Amended Complaint asserts claims seeking long term disability ("LTD") and ancillary benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendant, Metropolitan Life Insurance Company ("MetLife"), moves the Court for an order dismissing Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief may be granted. In short, Defendant argues that the claims brought by Plaintiff in the Amended Complaint are barred by the legal doctrines of *res judicata* and collateral estoppel.

<u>Prior District Court Action.</u>

On March 4, 2005, Plaintiff initiated a lawsuit against MetLife in this Court in the case styled *Charles Frank Mack v. Metropolitan Life Insurance Company*, Case No. 05-cv-425-T-30MSS ("Prior District Court Action"). The Amended Complaint in the Prior District Court Action stated four counts: (1) to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) for short term disability ("STD") benefits; (2) to clarify the right to STD benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (3) to clarify the right to LTD benefits

---

[1] Defendant's Motion for Judicial Notice (Dkt. #12) is granted.

pursuant to 29 U.S.C. § 1132(a)(1)(B); and (4) to clarify the right to other employee benefits. In the Prior District Court Action, Plaintiff sought to recover STD and LTD benefits under an employee welfare benefit plan (the "Plan") sponsored by Plaintiff's former employer, Infinity of Tampa. Plaintiff attached a copy of the Plan documents providing for STD and LTD benefits to his Amended Complaint. The Plan documents consisted of an STD Certificate of Insurance for the group policy provided by MetLife to Infinity of Tampa and the LTD Certificate of Insurance for the same group policy. The group policy number, TS05127014-G, is the same for both the STD Certificate and the LTD Certificate.

On April 20, 2006, Defendant moved for Final Judgment Based Upon Review of the Administrative Record, or alternatively, Motion for Summary Judgment (Dkt. #38). In its motion for summary judgment, MetLife discussed the Plan and the STD and LTD benefits provided by the Plan. MetLife also discussed the definitions of "disability" or "disabled" under the Plan (which are the same for STD benefits and the first 48 months of LTD benefits). MetLife explained that because the 180 day elimination period for LTD benefits (the "LTD Elimination Period") corresponds to the 26 week potential benefit period for STD benefits (the "STD Benefit Period"), and the definitions of disability for the first 48 months of LTD and STD are identical, Mr. Mack could not be entitled to LTD benefits if he was not disabled throughout the 26 week STD Benefit Period.

On or about November 30, 2003, Plaintiff sought STD benefits under the Plan due to alcoholism, depression and bipolar disorder. Plaintiff received STD benefits from November 30, 2003 through April 18, 2004. MetLife terminated Plaintiff's STD benefits as of April 18,

Case 8:08-cv-00595-JSM-EAJ   Document 19   Filed 07/30/08   Page 5 of 8 PageID 573
2004, twenty (20) weeks after Plaintiff's STD benefits began on November 30, 2003. Plaintiff's STD benefits were terminated based on MetLife's determination that Plaintiff was no longer disabled and that Plaintiff failed to obtain "Appropriate Care and Treatment" under the Plan. Accordingly, MetLife argued that Plaintiff, by virtue of the termination of his claim for STD benefits prior to the end of the 180 day LTD Elimination Period, was never eligible for consideration of LTD benefits under the Plan.[2]

On July 21, 2006, this Court entered an Order granting Final Summary Judgment in favor of Defendant (Case No. 05-cv-425-T-30MSS, Dkt. #38) expressly discussing that the Plan at issue included STD and LTD benefits. Additionally, this Court granted MetLife's Motion for Summary Judgment finding that MetLife's determination that Plaintiff failed to obtain "Appropriate Care and Treatment" and was no longer disabled as of April 18, 2004, was correct. Further, the Court concluded that Plaintiff failed to present sufficient evidence during the administration of his claim that he was "disabled" as defined by the Plan in light of his treating physician's indication that he could return to work.

<u>Present District Court Action.</u>

In this action, Plaintiff's Amended Complaint asserts two counts: (1) to recover LTD benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); and (2) to clarify the right to "ancillary benefits to which he may be entitled by virtue of a declaration that he is disabled" pursuant to 29 U.S.C. § 1132(a)(1)(B). In his Amended Complaint, Plaintiff attaches the same LTD

---

[2] The Plan contains different elimination periods for STD and LTD benefits. The STD elimination period is "zero (0) day of continuous disability for accidental injury and 7 days of continuous disability for sickness and pregnancy." The LTD Elimination Period is "180 days of continuous disability." The duration of STD benefits is 26 weeks.

Certificate of Insurance, with the same group policy number, TS05127014-G, as attached to his complaint in the Prior District Court Action.

## Discussion

*Res judicata*, also known as "claim preclusion," prohibits re-litigation of matters decided in prior proceedings if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment of the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Under *res judicata*, a final judgment on the merits bars both claims that were raised and claims that were not raised but which arise from "the same operative nucleus of facts." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356-57 (11th Cir. 1998). In ruling on a motion to dismiss, the Court should first take judicial notice of pleadings in other actions, next determine whether the res judicata factors are met, and if met, then dismiss the claims with prejudice. *See Martin K. Eby Construction, Co., Inc. v. Jacobs Civil, Inc.*, 2006 WL 1881359 (M.D. Fla. 2006).

Upon a review of the pleadings in this action and the Prior District Court Action, it appears that all four *res judicata* factors have been met. In the Summary Judgment Order (Dkt. #38) entered in the Prior District Court Action on July 21, 2006 (the "July 21st Order"), the Court clearly ruled that Mr. Mack was not entitled to the remaining six (6) weeks of STD benefits because he failed to obtain "Appropriate Care and Treatment" for his condition and failed to provide evidence that his disability prevented him from earning more than 80% of his pre-disability earnings at his own occupation.

It was unnecessary for the Court to continue to discuss Plaintiff's non-entitlement to LTD benefits in the July 21st Order, because Plaintiff's claim for LTD benefits under the Plan was dependent upon the same definition of "disability" as his claim for remaining STD benefits. In order to be entitled to full STD benefits, the Plan requires that a person be continuously disabled for 26 weeks (182 days), beginning seven days after the date of disability (November 30, 2003). In order to be entitled to LTD benefits, the Plan requires that a person be continuously disabled for 180 days from the date of disability (November 30, 2003). This Court affirmed Defendant's determination that Plaintiff was no longer disabled as of April 18, 2004 (Plaintiff deemed no longer disabled after 139 days/approximately 20 weeks). Thus, if Plaintiff fell approximately six (6) weeks short of meeting the Plan's 26 week STD Benefit Period, then Plaintiff fell forty-one (41) days short of meeting the 180 day LTD Elimination Period. Under either computation, Plaintiff was not entitled to six (6) more weeks of STD benefits or future LTD benefits.

The allegations and causes of action contained in Counts I and II of this action are substantially similar to those contained in Counts III and IV of the Amended Complaint filed in the Prior District Court Action. In this action, Plaintiff seeks to re-litigate the same claims and issues as those argued in the Prior District Court Action: whether Plaintiff received "Appropriate Care and Treatment," and whether Plaintiff was continuously disabled for less than 180 days. These questions have already been litigated, argued, briefed, considered by this Court, resolved by this Court, appealed, considered by the 11th Circuit, and affirmed by the 11th Circuit.

The purpose of the doctrine of *res judicata* is to protect parties "from the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Take Judicial Notice (Dkt. #12) is **GRANTED**.

2. Defendant's Motion to Dismiss Amended Complaint with Incorporated Memorandum of Law (Dkt. #11) is **GRANTED**.

3. Plaintiff's Amended Complaint (Dkt. #5) is **DISMISSED WITH PREJUDICE** as to all claims.

4. The Clerk is directed to enter **JUDGMENT** in favor of Defendant Metropolitan Life Insurance Company and against Plaintiff Frank Mack.

5. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-595.mtd 11.wpd